1  Matthew R. Bainer, Esq. (SBN 220972)
   **THE BAINER LAW FIRM**
2  1901 Harrison St., Suite 1100
   Oakland, California 94612
3  Telephone:    (510) 922-1802
   Facsimile:    (510) 844-7701
4  mbainer@bainerlawfirm.com

5  Attorneys for Plaintiff Philip Dolan

6

7              **UNITED STATES DISTRICT COURT**

8              **NORTHERN DISTRICT OF CALIFORNIA**

9

10 | PHILIP DOLAN, individually and on    | Case No.:  5:18-cv-06934-BLF
   | behalf of others similarly situated, |
11 |                                      | **FIRST AMENDED CLASS ACTION**
   |                      Plaintiff,      | **COMPLAINT**
12 |                                      |
   |         vs.                          | (1) Violation of California Labor Code §§ 510
13 |                                      |     and 1198 (Unpaid Overtime);
   | FEDEX GROUND PACKAGE SYSTEM,          | (2) Violation of California Labor Code
14 | INC., a Delaware corporation; and DOES 1 |     §§ 1194, 1197, and 1197.1 (Unpaid
   | through 100, inclusive,               |     Minimum Wages);
15 |                                      | (3) Violation of California Labor Code
   |                      Defendants.      |     §§ 226.7 and 512(a) (Unpaid Meal Period
16 |                                      |     Premiums);
   |                                      | (4) Violation of California Labor Code § 226.7
17 |                                      |     (Unpaid Rest Period Premiums);
   |                                      | (5) Violation of California Labor Code §§ 201
18 |                                      |     and 202 (Wages Not Timely Paid Upon
   |                                      |     Termination);
19 |                                      | (6) Violation of California Labor Code §
   |                                      |     226(a) (Non-Compliant Wage Statements);
20 |                                      | (7) Violation of California Labor Code § 2802
   |                                      |     (Reimbursement of Business Expenses)
21 |                                      |     and
   |                                      | (8) Violation of California Business &
22 |                                      |     Professions Code §§ 17200, *et seq.*
23 |                                      | **Jury Trial Demanded**

24

25

26

27

28

1    Plaintiff, individually and on behalf of all other members of the public similarly

2    situated, alleges as follows:

3                          **JURISDICTION AND VENUE**

4         1.    This class action is brought pursuant to California Code of Civil Procedure

5    section 382.  The monetary damages and restitution sought by Plaintiff exceed the minimal

6    jurisdiction limits of the Superior Court and will be established according to proof at trial.

7         2.    This Court has jurisdiction over this action pursuant to the California

8    Constitution, Article VI, section 10.  The statutes under which this action is brought do not

9    specify any other basis for jurisdiction.

10        3.    This Court has jurisdiction over all Defendants because, upon information and

11   belief, Defendants are either citizens of California, have sufficient minimum contacts in

12   California, or otherwise intentionally avail themselves of the California market so as to render

13   the exercise of jurisdiction over them by the California courts consistent with traditional

14   notions of fair play and substantial justice.

15        4.    Venue is proper in this Court because Defendants employed Plaintiff and other

16   class members and continue to employ other class members in this county and thus a

17   substantial portion of the transactions and occurrences related to this action occurred in this

18   county.  Cal. Civ. Proc. Code § 395.

19                          **THE PARTIES**

20        5.    Plaintiff Philip Dolan is a resident of San Jose, California, in Santa Clara

21   County.

22        6.    Defendant FedEx Ground Package System, Inc. ("FedEx") was and is, upon

23   information and belief, a Delaware corporation and, at all times hereinafter mentioned, an

24   employer whose employees are engaged throughout this county, the State of California, or the

25   various states of the United States of America.

26        7.    Plaintiff is unaware of the true names or capacities of the Defendants sued

27   herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to

28   amend the complaint and serve such fictitiously named Defendants once their names and

capacities become known.

8.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 100 are the partners, agents, owners, shareholders, managers or employees of FedEx at all relevant times.

9.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, FedEx and/or DOES 1 through 100 (collectively "Defendants"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants represent and were in accordance with Defendants' official policy.

10.     At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

11.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

### CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure section 382.

13.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

14.     Plaintiff's proposed class consists of and is defined as follows:

> All individuals who were employed as pick-up and delivery truck drivers, or other similar positions, for contracted service providers that contracted to provide delivery services for FedEx Ground Package System, Inc., in California during the relevant time period.

15. Members of the Class will hereinafter be referred to as "class members."

16. Plaintiff reserves the right to redefine the Class and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

17. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members, including, but not limited to:

(a) Whether Defendants required Plaintiffs and class members to work off-the-clock without payment;

(b) Whether Defendants required Plaintiffs and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiffs and class members;

(c) Whether Defendants failed to properly calculate the "regular rate" of pay on which Plaintiffs and class members' overtime rate of pay was based;

(d) Whether Defendants failed to pay at least minimum wages for all hours worked by Plaintiffs and class members;

(e) Whether Defendants deprived Plaintiff and class members of meal periods or required Plaintiff and class members to work during meal periods without compensation;

(f) Whether Defendants deprived Plaintiff and class members of rest periods or required Plaintiff and class members to work during rest periods without compensation;

(g) Whether Defendants complied with wage reporting as required by California Labor Code section 226(a);

(h) Whether Defendants failed to pay all vested and unused vacation pay due to Plaintiffs and class members upon their discharge;

(i) Whether Defendants failed to timely pay wages due to Plaintiff and class members during their employment, including meal and rest period

CLASS ACTION COMPLAINT

1    premium wages;

2    (j)    Whether Defendants failed to timely pay wages due to class members

3    upon their discharge, including meal and rest period premium wages;

4    (k)    Whether Defendants' failure to pay wages, without abatement or

5    reduction, in accordance with the California Labor Code, was willful or

6    reckless;

7    (l)    Whether Defendant failed to reimburse Plaintiff and class members for

8    business expenses incurred in the discharge of their work duties;

9    (m)    Whether Defendants engaged in unfair business practices in violation of

10    California Business & Professions Code sections 17200, *et seq*.; and

11    (n)    The appropriate amount of damages, restitution, or monetary penalties

12    resulting from Defendants' violations of California law.

13    18.    There is a well-defined community of interest in the litigation and the class is

14    readily ascertainable:

15    (a)    Numerosity:  The members of the class are so numerous that joinder of

16    all members would be unfeasible and impractical.  The membership of

17    the entire class is unknown to Plaintiff at this time; however, the class is

18    estimated to be over forty and the identity of such membership is readily

19    ascertainable by inspection of Defendants' employment records.

20    (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately

21    protect the interests of each class member with whom he has a well-

22    defined community of interest, and Plaintiff's claims (or defenses, if

23    any) are typical of all Class Members' as demonstrated herein.

24    (c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately

25    protect the interests of each class member with whom he has a well-

26    defined community of interest and typicality of claims, as demonstrated

27    herein.  Plaintiff acknowledges that he has an obligation to make known

28    to the Court any relationship, conflicts or differences with any class

member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)    <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e)    <u>Public Policy Considerations</u>:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

## GENERAL ALLEGATIONS

19.    FedEx provides of last mile logistics and delivery services in North America. FedEx has and continues to provide these services to clients throughout the state of California.

20.    Defendants employed Plaintiff as a non-contracted delivery truck Driver charged with delivering products to and on behalf of FedEx customers in the County of Santa Clara from approximately 2017 through the present.

21.    In employing Plaintiff, Defendants misclassified him as an "independent

contractor" and, on that basis, denied Plaintiff basic statutory rights and protections provided to all California employees and complained of more fully herein.

22.    Defendants continue to employ employees in the position of non-contracted Driver, and similar positions, who are similarly classified as "independent contractors" throughout California.

23.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

24.    Plaintiff is informed and believes, and thereon alleges, that employees were not paid for all hours worked because all hours worked were not recorded.

25.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that, in violation of the California Labor Code, they were not receiving at least minimum wages for work done off-the-clock.

27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiff and other class members' regular rate of pay when they did not receive a timely, uninterrupted meal period, and that they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff and other class members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all rest

periods or payment of one (1) additional hour of pay at Plaintiff and other class members' regular rate of pay when a rest period was missed, and that they did not receive all rest periods or payment of one (1) additional hour of pay at Plaintiff and other class members' regular rate of pay when a rest period was missed.

29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive complete and accurate wage statements in accordance with California law.  In violation of the California Labor Code, Plaintiff and other class members were not provided with complete and accurate wage statements.

30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to timely payment of wages during their employment.  In violation of the California Labor Code, Plaintiff and other class members did not receive payment of all wages, including, but not limited to meal and rest period premium wages, within permissible time periods.

31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that terminated class members were entitled to timely payment of wages upon termination.  In violation of the California Labor Code, terminated class members did not receive payment of all wages within permissible time periods.

32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that class members were entitled to be fully reimbursed for all necessary and reasonable business expenses incurred while completing their job duties. In violation of the California Labor Code, Plaintiff and other class members did not receive reimbursement for all expenses reasonably and necessarily incurred in the performance of their job duties.

33.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and other members of the class, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and other class members that they were properly denied wages, all in

order to increase Defendants' profits.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

### (Against All Defendants)

34.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

35.     California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

36.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

37.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

38.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members employed by Defendants, and working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.

39.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

40.    During the relevant time period, Plaintiff and class members worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week.  Despite this work, Defendant did not compensate Plaintiff and Class members the applicable overtime compensation rate for this work.

41.    Defendants' failure to pay Plaintiff and class members the unpaid balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

42.    Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages

### (Against All Defendants)

43.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

44.    At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.  Defendants regularly required Plaintiff and class members to work off-the-clock.  Defendants did not pay at least minimum wages for all of these off-the-clock hours.  Also, to the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1194, 1197, and 1197.1.

45.    Defendants' failure to pay Plaintiff and class members the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1.  Pursuant to those

sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney's fees.

46.   Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**THIRD CAUSE OF ACTION**

**Violations of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period Premiums**

**(Against All Defendants)**

47.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

48.   At all relevant times herein set forth, the applicable California Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants and each of them.

49.   At all relevant times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California Industrial Welfare Commission (IWC).

50.   At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

51.   During the relevant time period, Plaintiff and other class members scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

52.    During the relevant time period, Defendants willfully required Plaintiff and other class members to work during meal periods and failed to compensate them for work performed during meal periods. For example, Defendants had a policy and/or practice of failing to schedule customer appointments and to properly coordinate employee schedules such that Plaintiff and other class members were relieved of all duties and permitted to take compliant meal breaks. Instead, Plaintiff and other class members were required to work through meal periods, cut their meal periods short, suffer interruptions during meal periods, and/or take meal periods after the fifth hour of work because of Defendants' practices. Defendants then failed to pay Plaintiff and other class members all meal period premiums due pursuant to California Labor Code section 226.7.

53.    Defendants' conduct violates applicable Industrial Welfare Commission (IWC) Wage Order(s), and California Labor Code sections 226.7 and 512(a).

54.    Pursuant to the applicable Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code section 226.7(b), Plaintiff and other class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**

**(Against All Defendants)**

55.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

56.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and class members' employment by Defendants.

57.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

58.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

59.    During the relevant time period, Defendants required Plaintiff and class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  As with meal periods, Defendants failure to properly staff and coordinate customer appointments lead to their being unable to take compliant rest breaks, even where they had knowledge about their rest break rights. Defendants then failed to pay Plaintiff and class members the full rest period premium due pursuant to California Labor Code section 226.7.  As a result, Defendants failed to pay Plaintiff and other class members rest period premiums in violation of California Labor Code section 226.7.

60.    During the relevant time period, Defendants failed to pay Plaintiff and class members the full rest period premium due pursuant to California Labor Code section 226.7.

61.    Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code section 226.7.

62.    Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon**

**Termination**

**(Against All Defendants)**

63.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

64.     This cause of action is wholly derivative of and dependent upon the unpaid wage claims set forth for unpaid overtime wages, unpaid minimum wages, and unpaid meal and rest period premium wages, which remained unpaid upon termination of terminated class members' employment.

65.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

66.     During the relevant time period, Defendants willfully failed to pay class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

67.     Defendants' failure to pay those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

68.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

69.     Terminated class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

CLASS ACTION COMPLAINT

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements**

**(Against All Defendants)**

70.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

71.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates.

72.    Defendants have intentionally and willfully failed to provide employees with or retain complete and accurate wage statements.  The deficiencies include, among other things, failing to state all wages owed or paid including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages as a result of failing to properly record meal period violations and/or premiums.  Further, in violation of California Labor Code section 226(a), Defendants do not maintain on file a copy of the itemized statements provided to employees or a computer-generated record that accurately shows gross wages earned for all hours worked and not recorded, total hours worked by the employee as a result of working off the clock and not recording those hours, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee as required by California Labor Code section 226(a).

73.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights.

74.    Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage

statements under California Labor Code section 226(a).  In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiff has been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment.  Plaintiff has had to file this lawsuit, conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiff was paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time.  Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked.  This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

75.    Plaintiff and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

## SEVENTH CAUSE OF ACTION

### Violation of California Business & Professions Code § 2802, *et seq.*

### (Against All Defendants)

76.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

77.    Labor Code§ 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

78.    In order to discharge their duties for Defendants, Plaintiffs and Class Members have incurred reasonable and necessary expenses in the course of completing their job duties, which were not reimbursed by Defendants.

79.    Plaintiffs and Class Members are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code§ 2802.

**EIGHTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.***

**(Against All Defendants)**

80.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

81.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

82.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

83.     A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

         (a)    Requiring non-exempt employees, including Plaintiff and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198 and the applicable Industrial Welfare Commission Order;

         (b)    Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1194, 1197 and 1197.1 and the applicable Industrial Welfare Commission Order;

         (c)    Failing to provide meal and rest periods or to pay premium wages for missed meal and rest periods to Plaintiff and class members in violation of California Labor Code sections 226.7 and 512 and the applicable Industrial Welfare Commission Order;

         (d)    Failing to provide Plaintiff and class members with accurate wage statements in violation of California Labor Code section 226(a) and the

applicable Industrial Welfare Commission Order;

     (e)    Failing to reimburse Plaintiff and class members for all necessary and reasonable business expenses incurred in the performance of their job duties and

     (f)    Failing to timely pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204 and the applicable Industrial Welfare Commission Order as set forth below.

84.    California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

85.    California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.  California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  During the relevant time period, Defendants failed to pay Plaintiff and class members all wages due to them, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within any time period specified by California Labor Code section 204.

86.    Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000).

### Class Certification

2.    That this case be certified as a class action;

3.    That Plaintiff be appointed as the representative of the Class;

4.    That counsel for Plaintiff be appointed as Class Counsel.

### As to the First Cause of Action

5.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

10.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to

Plaintiff and class members;

11.    For general unpaid wages and such general and special damages as may be appropriate;

12.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14.    For liquidated damages pursuant to California Labor Code section 1194.2; and

15.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

16.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512(a) and applicable Industrial Welfare Commission (IWC) Wage Order(s) by willfully failing to provide all meal periods to Plaintiff and class members;

17.    That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

18.    For all actual, consequential, and incidental losses and damages, according to proof;

19.    For premiums pursuant to California Labor Code section 226.7(b);

20.    For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due; and

21.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

22.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and class members;

23. That the Court make an award to the Plaintiff and class members of one (l) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

24. For all actual, consequential, and incidental losses and damages, according to proof;

25. For premiums pursuant to California Labor Code section 226.7(b);

26. For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due; and

27. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fifth Cause of Action**

28. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all overtime wages, minimum wages, and meal and rest period premium wages owed at the time of termination of the employment of Plaintiff and other class members no longer employed by Defendants.

29. For all actual, consequential and incidental losses and damages, according to proof;

30. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and all other class members who have left Defendants' employ;

31. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

32. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Sixth Cause of Action**

33. That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized wage statements thereto;

34. For all actual, consequential and incidental losses and damages, according to proof;

35. For statutory penalties and injunctive relief pursuant to California Labor Code section 226(e) and (h); and

36. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Seventh Cause of Action

37. That the Court declare that FedEx's policies and/or practices violate California law by failing to reimburse all business expenses incurred by Drivers in the discharge of their duties as employees of FedEx violates California Labor Code § 2802;

38. For all actual, consequential and incidental losses and damages, according to proof;

39. For an award of damages in the amount of unpaid unreimbursed business expenses, pursuant to California Labor Code Section 2802, according to proof;

40. For pre-judgment interest on any unpaid unreimbursed business expenses from the date such amounts were due; and

41. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Eighth Cause of Action

42. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to pay overtime compensation due, failing to pay at least minimum wages for all hours worked, failing to provide meal and rest periods or premium wages in lieu thereof, failing to provide accurate wage statements, and failing timely to pay all earned wages during employment and upon termination;

43. For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

44. For the appointment of a receiver to receive, manage and distribute any and all

1   funds disgorged from Defendants and determined to have been wrongfully acquired by

2   Defendants as a result of violations of California Business & Professions Code sections 17200

3   *et seq.*;

4          45.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

5   California Code of Civil Procedure section 1021.5; and

6          46.     For such other and further relief as the Court may deem equitable and

7   appropriate.

8

9   Dated: Fecruary 11, 2020                  Respectfully submitted,

10                                            The Bainer Law Firm

11

12                                 By: */s/ Matthew R. Bainer*
                                       Matthew R. Bainer, Esq.
13
                                       Attorneys for Plaintiff Philip Dolan
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28