1  BRANDY THOMPSON CODY (SBN 196923)
   Email: bcody@fisherphillips.com
2  FISHER & PHILLIPS LLP
3  4747 Executive Dr., Suite 1000
   San Diego, CA 92121-3113
4  Phone Number: (858) 597-9600
   Fax Number: (858) 597-9601
5
6  SEAN F. DALEY (SBN 272493)
   Email: sdaley@fisherphillips.com
7  FISHER & PHILLIPS LLP
   444 S Flower Street, Suite 1500
8  Los Angeles, California 90071
   Telephone: (213) 330-4500
9  Facsimile: (213) 330-4501

10 Attorneys for Defendant
   FEDEX GROUND PACKAGE SYSTEM, INC.
11

12              IN THE UNITED STATES DISTRICT COURT
13            FOR THE NORTHERN DISTRICT OF CALIFORNIA
14                        SAN JOSE DIVISION
15

| | |
|---|---|
| PHILIP DOLAN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 5:18-cv-06934-BLF<br><br>**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:** **November 4, 2021**<br>**Time:** **9:00 a.m.**<br>**Judge:** **Hon. Beth Labson Freeman**<br>**Courtroom:** **San Jose, 5th Floor, Ctrm. 3**<br><br>Removal: November 15, 2018<br>Trial Date: August 15, 2022 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on November 4, 2021, at 9:00 a.m. in Courtroom 3 (5th Floor) of this Court, located at 280 South 1st Street, San Jose, California 95113, FedEx Ground Package System, Inc. ("FedEx Ground") will and hereby does move for an order granting summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Brandy T. Cody, the Request for Judicial Notice, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

## MOTION AND RELIEF REQUESTED

FedEx Ground moves for summary judgment because there is no genuine issue as to any material fact and FedEx Ground is entitled to summary judgment on Plaintiff Philip Dolan's ("Plaintiff") individual and class claims due to Plaintiff's settlement of his claims with his former employer, Josemite IV, Inc.:

1. Plaintiff's individual claims are moot because there is no recovery the Court can award Plaintiff—Plaintiff, in return for compensation from his direct employer, released all claims he may have against his employer and FedEx Ground, waived all recovery of attorneys' fees, and waived his ability to represent a class and to participate in a class action.

2. Plaintiff's class claims are moot because Plaintiff is not an adequate class representative because Plaintiff expressly waived any ability he may have had to both represent a class and participate in a class action.

Dated: September 30, 2021    FISHER & PHILLIPS LLP

By:    */s/ Brandy T. Cody*
BRADY T. CODY
SEAN F. DALEY
Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

2    CASE NO. 5:18-CV-06934-BLF
DEF. FEDEX GROUND'S NOTICE OF MOTION FOR SUMMARY JUDGMENT AND MPA
FP 41755339.3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT AND RELEVANT FACTS

This lawsuit arises out of Plaintiff's employment as a driver for Josemite IV, Inc. ("Josemite")—an independent business entity with which FedEx Ground contracted for package pick-up and delivery services. Claiming that FedEx Ground was his joint employer with Josemite, Plaintiff seeks to recover overtime pay and unpaid minimum wages under California law, premium pay for missed meal and rest periods, relief under derivative claims for penalties related to separation pay, penalties for non-compliant wage statements, and reimbursement of business expenses. *See* ECF No. 55. Plaintiff also seeks to represent a proposed class defined as follows:

> All individuals who were employed as pick-up and delivery truck drivers, or in other similar positions, by Josemite IV, Inc., a contracted service provider that contracted to provide pickup and delivery services for FedEx Ground Package System, Inc., in California during the relevant time period.

*See* ECF No. 55 at 4.

However, both Plaintiff's individual and class claims fail as a matter of law.[1] On March 8, 2021, Plaintiff and Josemite voluntarily executed a settlement agreement and general release. As part of that agreement, Plaintiff released <u>all</u> of his claims against not only Josemite, but also FedEx Ground:

> Releasees are released from all claims and rights of any kind that Plaintiff may have based on any events or circumstances arising or occurring on or before the date of Plaintiff's execution of this Release, whether now known or unknown, suspected or unsuspected, including, without limitation, any claim related to the *Dolan* Case, either as an individual or as a putative class representative, or Plaintiff's work for the Company, Nguyen and/or FedEx.

///

///

---

[1] FedEx Ground disputes that it could be found to be Plaintiff's joint employer, but does not seek summary judgment on that component of Plaintiff's claims. This motion instead focuses on Plaintiff's lack of standing to assert any claims at all. FedEx Ground reserves the right to assert additional defenses to Plaintiff's claims in the event this matter proceeds for any reason.

3    CASE NO. 5:18-CV-06934-BLF
DEF. FEDEX GROUND'S NOTICE OF MOTION FOR SUMMARY JUDGMENT AND MPA
FP 41755339.3

Request for Judicial Notice, filed and served herewith (hereinafter, "RJN"), ¶ 1, Exhibit 1 (Settlement Agreement and General Release).[2] Plaintiff also agreed "that he has received all wages due and owing to him." *Id.*, ¶ 1(b). In other words, Plaintiff agreed to release Josemite, Josemite's owner (Long Nguyen), and FedEx Ground from any and all claims, whether known or unknown, that Plaintiff may have, including any claims Plaintiff may have related to the instant case either as an individual or as a putative class representative, and agreed that he received pay for all unpaid wages.

Plaintiff's release of claims also included any claims for expenses, including attorney's fees and legal expenses. *See, e.g., id.*, ¶ 1(a) ("The parties agree they shall bear their own costs and attorneys' fees with respect to any and all claims encompassed by the terms of this Release."); *id.* ¶ 2 ("Plaintiff agrees this is a General Release, which to the fullest extent permitted by law, waives and releases all claims against the Releasees, including but not limited to . . . expenses (including attorneys' fees and legal expenses) . . ."). Finally, Plaintiff agreed: "[Y]ou waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action . . ." *Id.*

Despite settling with Josemite and releasing his claims against FedEx Ground, Plaintiff has made no attempt to dismiss this action and would not agree to stipulate to dismiss this action, necessitating the instant motion. Declaration of Brandy T. Cody, filed and served herewith (hereinafter, "Cody Decl."), ¶¶ 2, 4. Plaintiff also failed to file his motion for class certification on May 14, 2021, when it was due. Cody Decl., ¶ 3; *see also* ECF Nos. 62 and 63.

/ / /

/ / /

---

[2] Pursuant to Federal Rules of Evidence 902(8), a "document accompanied by a certificate of acknowledgment that is lawfully executed by a notary public" is self-authenticating and requires no extrinsic evidence of authenticity in order to be admitted. The Settlement Agreement and General Release executed by Plaintiff and Josemite's CEO Long Nguyen was notarized by a California notary public on March 8, 2021.

4        CASE NO. 5:18-CV-06934-BLF
DEF. FEDEX GROUND'S NOTICE OF MOTION FOR SUMMARY JUDGMENT AND MPA
FP 41755339.3

## II. SUMMARY JUDGMENT STANDARD

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsuhita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate where there is "no genuine issue of material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When the moving party makes a properly supported summary judgment motion, the nonmoving party "must present affirmative evidence in order to defeat [it]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

## III. LEGAL ARGUMENT

### A. FedEx Ground is Entitled to Summary Judgment on Plaintiff's Individual Claims

The Constitution limits the scope of federal judicial power to designated "cases" and "controversies." U.S. Const., Art. III, § 2. Thus, federal courts do not have the power to decide questions of law in a vacuum and they may only determine such matters as arise in the context of a genuine "case" or "controversy" within the meaning of Article III. *SEC v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972). As such, the federal court has no authority to give opinions upon moot questions. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000).

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* The central issue in any mootness challenge is whether the Court can award any meaningful relief. Unless the prevailing party can obtain effective relief, any opinion as to the legality of the challenged action would be advisory. *Id.*; *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 494 (2009) (no standing where injury is remedied).

In *Campbell-Ewald Co. v. Gomez*, the Supreme Court reiterated the constitutional requirement that a case or controversy must exist at <u>all stages</u> of the litigation. 577 U.S. 153 (2016). Specifically, the Court stated that "[i]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' <u>at any point during litigation</u>, the action can no

longer proceed and must be dismissed as moot." *Id.* (emphasis added).

Here, Plaintiff voluntarily settled his claims and agreed to release FedEx Ground from any and all claims, whether known or unknown, that Plaintiff may have, including any claims Plaintiff may have related to the instant case either as an individual or as a putative class representative. This was a voluntary, intervening circumstance depriving Plaintiff of a personal stake in the outcome of the lawsuit. Accordingly, Plaintiff's individual claims should be dismissed as moot pursuant to the terms of the settlement agreement between Plaintiff and Josemite, as there is no recovery the Court can award to Plaintiff with respect to these claims.

### B. Plaintiff's Class Claims Are Also Moot Because Plaintiff Is Not An Adequate Class Representative

The Supreme Court has long recognized that a named plaintiff cannot represent a putative class absent an individualized injury sufficient to demonstrate the existence of an Article III case or controversy. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class"); *Simon v. Eastern Kentucky Welfare Rights Orgs.*, 426 U.S. 26, 40 n. 20 (1976) ("[t]hat a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent'") (quotation omitted); *see also, Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013) ("the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied"). Moreover, a lack of Article III jurisdiction cannot be cured through class certification, as the Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts." Fed. R. Civ. P. 82. Thus, Plaintiff's lack of any injury for his individual claims precludes him from representing a purported class on such claims.

The unnamed class members who have not appeared in this action will not be prejudiced by a dismissal of these causes of action. Such a dismissal has no binding effect on the other members of the putative class who have no notice of the action and are not considered parties to it

for purposes of res judicata or collateral estoppel. *See Aguilera v. Pirelli*, 223 F.3d 1010, 1013 n. 1 (9th Cir. 2000) ("When a motion is maintained against an uncertified class, only the named plaintiffs are affected by the ruling."); *see also Villagrana v. Graham*, 60 Fed. Appx. 713, 715 (10th Cir. 2003); *Chevron U.S.A., Inc. v. Sch. Bd. Yermilion Parish*, 294 F.3d 716, 720 (5th Cir. 2002). Indeed, the putative class members are not yet parties because no class has been certified. *See Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (Kagan, J.) (referencing "the novel and surely erroneous argument that a nonnamed class member is a party to the class-action litigation *before the class is certified*") (citation omitted) (emphasis by the Court). The Court therefore need not consider whether it would be proper to certify a class.

The recent decision by the Ninth Circuit Court of Appeals in *Brady v. AutoZone Stores, Inc.*, 960 F.3d 1172 (2020), is instructive. In *Brady,* the Ninth Circuit decided the question of what happens when a class representative voluntarily settles only his individual claims without indicating any financial stake in the unresolved class claims. *Brady*, 960 F.3d at 1173. The Court concluded:

> In sum, we hold that when a class representative voluntarily settles his individual claims, he must do more than expressly leave class claims unresolved to avoid mootness. A class representative must also retain—as evidenced by an agreement—a financial stake in the outcome of the class claims. Absent such a stake, a class representative's voluntary settlement of individual claims renders class claims moot.

*Id.* at 1175.

Here, just as in *Brady*, Plaintiff's settlement agreement with Josemite does not indicate he will receive any additional compensation for the class claims. In fact, the settlement agreement Plaintiff agreed to stated that he released "any claim related to the *Dolan* Case, either as an individual or as a <u>putative class representative</u> . . . ." RJN, Exhibit 1, ¶ 2 (emphasis added). Plaintiff also expressly gave up "any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding . . ." *Id.* at ¶ 2. Moreover, Plaintiff agreed several times in the Settlement Agreement that he released all claims for "expenses (including attorneys' fees and legal expenses)." *Id.* at ¶ 2. While Plaintiff may not have resolved the class claims, he certainly did not retain any financial

stake in them. There is no basis on which to allow Plaintiff, after his claims have been mooted, to seek to represent the putative class of which he is not a member and for which he agreed not only to not represent, but also to not participate. Accordingly, as in *Brady*, those class claims are moot and should be dismissed.

## IV. CONCLUSION

For the reasons stated above, FedEx Ground respectfully requests that the Court grant FedEx Ground summary judgment on all of Plaintiff's claims.

Dated: September 30, 2021            FISHER & PHILLIPS LLP

By:     */s/ Brandy T. Cody*
        BRADY T. CODY
        SEAN F. DALEY
        Attorneys for Defendant
        FEDEX GROUND PACKAGE SYSTEM, INC.