UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHILIP DOLAN,<br><br>        Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., et al.,<br><br>        Defendants. | Case No. 18-cv-06934-BLF<br><br>**ORDER GRANTING FEDEX'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT; REQUESTING STIPULATION OF DISMISSAL OF JOSEMITE IV, INC.**<br><br>[Re: ECF No. 66] |

Defendant FedEx Ground Package System, Inc. ("FedEx") has moved for summary judgment, arguing that Plaintiff Philip Dolan's individual and class claims cannot proceed because he released all claims against FedEx and waived his ability to represent a class or participate in a class action. *See* ECF No. 66 ("Motion"). Plaintiff filed a statement of non-opposition to the Motion. *See* ECF No. 67. The Court previously vacated the hearing on the Motion, *see* ECF No. 69, and now GRANTS the unopposed motion for summary judgment. The Court further REQUESTS a stipulation of dismissal for the remaining defendant Josemite IV, Inc.

Plaintiff's lawsuit arises out of his employment as a driver for Josemite IV, an entity with which FedEx Ground contracted for package delivery. Plaintiff alleges that he was deprived of overtime and minimum wages under California law, premium pay for missed meal and rest periods, relief under derivative claims for penalties related to separation pay, penalties for non-complaint wage statements, and reimbursement of business expenses. *See generally* ECF No. 55. He brings eight California statutory claims and seeks to represent the following class:

> All individuals who were employed as pick-up and delivery truck drivers, or in other similar positions, by Josemite IV, Inc., a contracted service provider that contracted to provide pickup and delivery services for FedEx Ground Package System, Inc., in California during the relevant time period.

1  *Id.* ¶ 15.

2  During the pendency of the litigation, on March 8, 2021, Plaintiff and Josemite IV

3  executed a settlement agreement and general release of claims. *See* ECF No. 66-2, Ex. A

4  ("Agreement"). The Agreement states that Plaintiff discharges Josemite IV and FedEx of

> all claims and rights of any kind that Plaintiff may have based on any events or circumstances arising or occurring on or before the date of Plaintiff's execution of this Release, . . . including, without limitation, and claim related to the *Dolan* case, either as an individual or putative class representative, or Plaintiff's work for [Josemite IV], [Josemite IV's owner], and/or FedEx.

*Id.* ¶ 2. Plaintiff further "waive[d] any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collection or multi-party action or proceeding based on such Claims in which any of the Released Parties is a party." *Id.* Plaintiff refused to stipulate to dismiss the action, which required FedEx to file this Motion. *See* ECF No. 66-1 ¶ 4. Plaintiff then filed a non-opposition to the Motion. *See* ECF No. 67.

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). A genuine dispute of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. at 248–49. The party moving for summary judgment bears the initial burden to "produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc*., 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets its initial burden, the burden shifts to the nonmoving party to produce evidence supporting its claims or defenses. *Id.* at 1103. If the nonmoving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona*, 750 F.3d at 1049.

FedEx is entitled to summary judgment on all of Plaintiff's claims because of the general

release in the Agreement.  The Constitution limits federal judicial power to "cases" and "controversies."  U.S. Const. art. III, § 2.  Where a plaintiff has settled his claims and released a defendant "from any liability for the claims in this action, no 'case or controversy' remains and the Court is without subject matter jurisdiction to reach the merits."  *Shaw v. Jar-Ramona Plaza*, 2015 WL 1275294, at *6 (C.D. Cal. Mar. 16, 2015) (citing *Trauner v. Rickards*, 698 F. Supp. 822, 823 (N.D. Cal. 1988)).  Here, the Agreement indisputably settles Plaintiff's claims against FedEx.  The release is broad, but also specifically mentions the claims asserted in this lawsuit as being among the claims included in the release.  Agreement ¶ 2.  The Court accordingly lacks subject matter jurisdiction to reach the merits of those claims.  *Shaw*, 2015 WL 1275294, at *6.

Because Plaintiff can no longer assert his individual claims, he also cannot serve as a class representative.  *See Brady v. AutoZone Stores, Inc.*, 960 F.3d 1172, 1175 (9th Cir. 2020) (plaintiff could not act as class representative where he settled his individual claims and did not retain any "financial stake in the outcome of the class claims").  Plaintiff here has not retained any "financial stake" in the outcome of any class claims.  Indeed, he expressly waived his ability to participate in a class action (in either a representative capacity or as class member).  *See* Agreement ¶ 2.  As FedEx notes, because no class has been certified, Plaintiff's individual settlement has no res judicata effect on the claims of other class members or on the ability of another member of the class to bring a lawsuit and seek class certification.  *Aguilera v. Pirelli*, 223 F.3d 1010, 1013 n.1 (9th Cir. 2000) ("When a motion is maintained against an uncertified class, only the named plaintiffs are affected by the ruling.").

For the foregoing reasons, FedEx's motion for summary judgment is GRANTED.

\*   \*   \*

The motion for summary judgment was brought on behalf of Defendant FedEx only.  *See* Motion.  Defendant Josemite IV has not responded to the operative complaint, although counsel has appeared on its behalf.  *See* ECF No. 65 (listing Scott Berman as counsel of record for Josemite IV).  Plaintiff appears to concede that, as its plain terms state, the Agreement precludes claims against Josemite IV too.  *See* ECF No. 67 at 2 (recognizing "an individual settlement agreement entered into between Plaintiff and Defendants").  Accordingly, the Court REQUESTS a

stipulation of dismissal of Josemite IV **no later than October 29, 2021**. Following receipt of the stipulation, the Court will enter judgment in favor of FedEx. If no stipulation is received by that date, the Court will dismiss claims against Josemite IV without prejudice without further notice for failure to prosecute, and then enter judgment in favor of FedEx.

**IT IS SO ORDERED.**

Dated: October 18, 2021

_____
BETH LABSON FREEMAN
United States District Judge